UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JARED MICHAEL GRANT TAYLOR, | Case No. 14-CV-0722 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| CITY OF AMBOY; CITY OF BLOOMINGTON; BLUE EARTH COUNTY; CITY OF BROOKLYN PARK; CITY OF BURNSVILLE; DAKOTA COUNTY; DAKOTA COMMUNICATIONS CENTER; DODGE COUNTY; DOUGLAS COUNTY; CITY OF DUNDAS; CITY OF EDINA; CITY OF FARIBAULT; CITY OF FARMINGTON; FREEBORN COUNTY; CITY OF INVER GROVE HEIGHTS; CITY OF LAKEVILLE; LE SUEUR COUNTY; CITY OF LONSDALE; CITY OF MANKATO; CITY OF MONTGOMERY; CITY OF NEW PRAGUE; CITY OF NORTH MANKATO; CITY OF NORTHFIELD; CITY OF OWATONNA; CITY OF PLYMOUTH; RICE COUNTY; CITY OF RICHFIELD; CITY OF ROSEMOUNT; CITY OF ST. CLOUD; STEELE COUNTY; CITY OF VERNON CENTER; WASECA COUNTY; CITY OF WASECA; YELLOW MEDICINE COUNTY; MICHAEL CAMPION, in his individual capacity as Commissioner of the Department of Public Safety; RAMONA DOHMAN, in her individual capacity as Commissioner of the Department of Public Safety; JOHN AND JANE DOES (1-500), acting in their individual capacities as supervisors, officers, deputies, staff, investigators, employees or agents of the other governmental agencies; DEPARTMENT OF PUBLIC SAFETY DOES (1-30), acting in their individual capacities as officers, supervisors, staff, employees, independent contractors or agents | |

of the Minnesota Department of Public
Safety; ENTITY DOES (1-50), including
cities, counties, municipalities, and other
entities sited in Minnesota;

               Defendants.

      Kenneth H. Fukuda, Jonathan A. Strauss, Lorenz F. Fett, Jr., and Sonia Miller-Van Oort, SAPIENTIA LAW GROUP, PLLC, for plaintiff.

      Jon K. Iverson, Susan M. Tindal, and Stephanie A. Angolkar, IVERSON REUVERS CONDON, for defendants Cities of Amboy, Bloomington, Brooklyn Park, Burnsville, Dundas, Faribault, Farmington, Inver Grove Heights, Lakeville, Lonsdale, Mankato, Montgomery, New Prague, North Mankato, Northfield, Owatonna, Plymouth, Richfield, Rosemount, St. Cloud, Vernon Center, Waseca, and Dakota Communications Center.

      Joseph E. Flynn and Jamie L. Jonassen, JARDINE, LOGAN & O'BRIEN, P.L.L.P., for defendants Blue Earth County, Dodge County, Douglas County, Freeborn County, Le Sueur County, Rice County, Steele County, Waseca County, and Yellow Medicine County.

      Amelia N. Jadoo and Helen R. Brosnahan, DAKOTA COUNTY ATTORNEY'S OFFICE, for defendant Dakota County.

      Mark P. Hodkinson, BASSFORD REMELE, PA, for defendant City of Edina.

      Oliver J. Larson, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants Michael Campion and Ramona Dohman.

Plaintiff Jared Taylor brings claims under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721 et seq., against various public officials, cities, and counties, alleging that defendants unlawfully obtained, disclosed or used information contained in his driver's-license record.

This matter is before the Court on defendants' motions to dismiss for failure to state a claim and for judgment on the pleadings or, in the alternative, to sever. For the reasons stated below, Michael Campion and Ramona Dohman's motion to dismiss and Edina's motion for

judgment on the pleadings are granted. The remaining motions are granted in part and denied in part. Specifically, the motions are granted as to all claims against defendant Bloomington arising out of pre-March 13, 2010 accesses by that defendant. The motions are also granted as to all claims against the remaining defendants arising out of pre-August 11, 2012 accesses by those defendants. The motions to dismiss are denied in all other respects, and the motions to sever are denied.

## I.  BACKGROUND

Taylor was a deputy with the Rice County Sheriff's Department from 2002 until 2006. Compl. ¶ 55. From August 2006 until April 2, 2013, Taylor was a police officer with the Bloomington Police Department. Compl. ¶ 57.

In August 2006, Taylor competed in and won a national law-enforcement shooting competition called the 5.11 Challenge. Compl. ¶ 58. The competition's name is a reference to 5.11 Tactical, a law-enforcement clothing and equipment company that is the primary sponsor of the competition. Compl. ¶ 62. The competition was filmed by the Outdoor Channel and broadcast on multiple occasions. Compl. ¶ 60. For over a year after Taylor won the competition, his photo appeared either on the cover of or inside many law-enforcement magazines distributed in Minnesota and elsewhere around the country, in both print and electronic formats. Compl. ¶¶ 60-61. Taylor's photo also appeared in many of the same magazines in a color advertisement for 5.11 Tactical. Compl. ¶ 63.

On August 11, 2012, Taylor became involved in a late-night altercation with a stranger in his home. Compl. ¶¶ 66-70. Deputies from the Rice County Sheriff's Department responded, and the matter was turned over to Scott County for investigation and prosecution. Compl. ¶¶ 71-

72. Taylor was eventually convicted of misdemeanor assault and disorderly conduct. Compl. ¶ 73.[1]

Taylor filed this action after obtaining an audit from the Minnesota Department of Public Safety showing multiple accesses of his driver's-license record. Including accesses by unnamed defendants, Taylor's record was accessed 386 times between 2003 and 2013. Compl. ¶ 2. Taylor alleges that all of these accesses violated the DPPA, with the possible exception of one access by Bloomington (in connection with his hiring) and one access by Rice County (in connection with the investigation into the August 11, 2012 altercation).

## II. ANALYSIS

### A. *Standard of Review*

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, a court may disregard legal

---

[1] The complaint does not describe why Rice County asked Scott County to handle the matter, but media accounts of the altercation report that Taylor's victim was a police officer employed by the City of Northfield, which is located in Rice County. *See, e.g.*, Rebecca Rodenborg, *Rice County jury finds former cop guilty of misdemeanor assault, disorderly conduct*, Fairibault Daily News, Apr. 8, 2013, http://www.southernminn.com/faribault_daily_news/news/article_30c3c531-4fd2-50d3-a07a-0e259045643f.html (last accessed Oct. 24, 2014).

conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is assessed under the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

### B. The DPPA

The DPPA protects from disclosure the "personal information" that a state department of motor vehicles obtains in connection with a motor-vehicle record. 18 U.S.C. § 2721(a). "[P]ersonal information" includes "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information . . . ." 18 U.S.C. § 2725(3).

Under the DPPA, it is "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) . . . ." 18 U.S.C. § 2722(a). Section 2721(b), in turn, sets out fourteen permissible uses for personal information contained in driver's-license records. Permissible uses include "use by any government agency, including any court or law enforcement agency, in carrying out its functions . . . ." 18 U.S.C. § 2721(b)(1). The subject of a motor-vehicle record may sue any "person who knowingly obtains, discloses or uses [his] personal information, from a motor vehicle record, for a purpose not permitted under this chapter . . . ." 18 U.S.C. § 2724(a).

1. Statute of Limitations

Claims under the DPPA are subject to a four-year statute of limitations. *See* 28 U.S.C. § 1658(a). Such claims accrue, and the statute of limitations begins to run, when the plaintiff has a complete and present cause of action. *Potocnik v. Carlson*, No. 13-CV-2093, 2014 WL 1206403, at *12 (D. Minn. Mar. 24, 2014); *Delaney v. Beltrami Cnty.*, No. 14-CV-0358, ECF No. 86. For Taylor, this means that any claim based on an access that occurred more than four years before he filed this action — that is, before March 13, 2010 — is time-barred. The Court therefore grants defendants' motions as to these claims.

2. Failure to State a Claim

*a. The Commissioners*

The Court dismisses all claims against defendants Michael Campion and Ramona Dohman (the current and former Commissioners of the Department of Public Safety) for the reasons explained in *Potocnik*. *See Potocnik*, 2014 WL 1206403, at *3-7.

*b. Remaining Defendants*

To state a DPPA claim under § 2724, a plaintiff must plead and prove that the defendant knowingly obtained, disclosed, or used his personal information *and* that the defendant did not have a permissible purpose for doing so. *Potocnik*, 2014 WL 1206403, at *4. Like many of the dozens of DPPA cases pending in this District, this case turns on whether the plaintiff has plausibly alleged that the defendants had an impermissible purpose for accessing his driver's-license record.

As the Court has observed, the basic fact pattern alleged in many of these cases — that (1) the plaintiff's record was accessed many times and (2) the plaintiff cannot think of any

legitimate reason for the accesses — is generally not sufficient to state a plausible claim, given the numerous legitimate reasons that a government official might have for looking up a driver's-license record. *See Delaney*, No. 14-CV-0358, ECF No. 86. Here, however, Taylor alleges a number of additional facts that (when combined with the basic fact pattern) make it plausible that at least some of the accesses were not for permissible reasons.

Taylor is (or, until recently, was) a well-known law-enforcement officer. On August 11, 2012, he became involved in an altercation with a stranger in his home that not only required a law-enforcement response, but that ultimately resulted in Taylor being convicted of assault and disorderly conduct. It is not much of a stretch to infer that these events attracted the attention of the law-enforcement community and prompted some of its members to look up Taylor's driver's-license record out of curiosity. With respect to accesses that occurred on or after August 11, 2012, therefore, the Court finds that Taylor has stated plausible DPPA claims.

The Court makes an exception for defendant Rice County, however. The audit attached to Taylor's complaint reflects only a single post-August 11, 2012 access by Rice County — an access that occurred on September 17, 2012, shortly after Rice County's deputies responded to the altercation in Taylor's home. Given this context, Taylor does not state a plausible claim that this single access was illegitimate. The Court will therefore grant Rice County's motion with respect to claims based on that access.

Likewise, with respect to pre-August 11, 2012 accesses, the Court finds that Taylor has failed to allege plausible claims as to any defendant except Bloomington. There are only a handful of such accesses that are within the limitations period, and there is no discernable pattern to those accesses, which were conducted by different agencies at different times. Given the low

number of accesses and the lack of any facts alleged in the complaint that might tend to show that these accesses were connected, Taylor fails to state a plausible claim that these accesses were not for a legitimate purpose. This is true even though Taylor has alleged other, pre-August 2012 circumstances (such as his August 2006 victory in the shooting competition) that could have prompted some accesses outside of the limitations period. These events are too remote in time to create a plausible inference that they prompted the isolated and scattered accesses that occurred between March 13, 2010 and August 11, 2012.

As for Bloomington, though, the Court finds that Taylor has (barely) stated plausible pre-August 11, 2012 claims. Bloomington has by far the most accesses of Taylor's record; indeed, employees of that city almost made a habit out of accessing it. Taylor worked for the Bloomington Police Department from 2006 until 2013, and one could plausibly infer that at least some of the unusually large volume of accesses were conducted for personal reasons by people who worked with Taylor or otherwise came into contact with him — particularly because, as Taylor alleges, there are no other obvious legitimate reasons for Bloomington employees to have accessed his record so many times. The Court therefore denies Bloomington's motion with respect to all claims arising out of accesses that occurred within the limitations period.

### 3. Motions to Sever

A number of defendants have also moved to sever the claims against them. Now that the Court has trimmed away many of Taylor's claims, however, the remaining claims are plausibly related to Taylor's notoriety arising from his prosecution and conviction for assault and disorderly conduct. At this point, it is more efficient for these claims to be handled in a single proceeding before a single judge. The Court therefore denies the motions to sever.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants Michael Campion and Ramona Dohman's motion to dismiss [ECF No. 43] is GRANTED, and all claims against these defendants are DISMISSED WITH PREJUDICE.

2. Defendant City of Edina's motion for judgment on the pleadings [ECF No. 38] is GRANTED, and all claims against City of Edina are DISMISSED WITH PREJUDICE.

3. The remaining motions [ECF Nos. 19, 26, and 32] are GRANTED IN PART and DENIED IN PART as follows:

   a. With respect to defendant City of Bloomington, the motions are GRANTED as to all claims arising out of pre-March 13, 2010 accesses of plaintiff's driver's-license record, and these claims are DISMISSED WITH PREJUDICE.

   b. With respect to the remaining defendants, the motions are GRANTED with respect to all claims arising out of pre-August 11, 2012 accesses of plaintiff's driver's-license record, and these claims are DISMISSED WITH PREJUDICE.

   c. As a result, all claims against the following defendants are DISMISSED WITH PREJUDICE: City of Amboy, Blue Earth County, City of Brooklyn Park, City of Burnsville, Dakota Communications Center,

        Douglas County, City of Farmington, Freeborn County, City of Inver Grove Heights, City of Lakeville, Le Sueur County, City of Mankato, City of New Prague, City of North Mankato, City of Plymouth, Rice County, City of Richfield, City of Rosemount, City of St. Cloud, Steele County, Waseca County, City of Waseca, and Yellow Medicine County.

    d.    The motions are DENIED in all other respects.


Dated:  October 24, 2014                         s/Patrick J. Schiltz  
                                                                  Patrick J. Schiltz  
                                                                  United States District Judge