UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JARED MICHAEL GRANT TAYLOR,                Case No. 14-CV-0722 (PJS/TNL)

                Plaintiff,

v.                                                        ORDER

CITY OF AMBOY; CITY OF
BLOOMINGTON; BLUE EARTH
COUNTY; CITY OF BROOKLYN PARK;
CITY OF BURNSVILLE; DAKOTA
COUNTY; DAKOTA
COMMUNICATIONS CENTER; DODGE
COUNTY; DOUGLAS COUNTY; CITY
OF DUNDAS; CITY OF EDINA; CITY OF
FARIBAULT; CITY OF FARMINGTON;
FREEBORN COUNTY; CITY OF INVER
GROVE HEIGHTS; CITY OF
LAKEVILLE; LE SUEUR COUNTY; CITY
OF LONSDALE; CITY OF MANKATO;
CITY OF MONTGOMERY; CITY OF
NEW PRAGUE; CITY OF NORTH
MANKATO; CITY OF NORTHFIELD;
CITY OF OWATONNA; CITY OF
PLYMOUTH; RICE COUNTY; CITY OF
RICHFIELD; CITY OF ROSEMOUNT;
CITY OF ST. CLOUD; STEELE COUNTY;
CITY OF VERNON CENTER; WASECA
COUNTY; CITY OF WASECA; YELLOW
MEDICINE COUNTY; MICHAEL
CAMPION, in his individual capacity as
Commissioner of the Department of
Public Safety; RAMONA DOHMAN, in
her individual capacity as Commissioner
of the Department of Public Safety; JEFF
BAILEY, acting in his individual capacity
as an Officer of the Bloomington Police

Department; MARK BLOEDOW, acting in his individual capacity as an employee of the City of Bloomington Police Department; DENNIS KOOSMAN, acting in his individual capacity as an Officer of the Bloomington Police Department; MATTHEW NYBECK, acting in his individual capacity as an Officer of the Bloomington Police Department; JAMES OUSLEY, acting in his individual capacity as an Officer of the Bloomington Police Department; LEE PHILLIPPE, acting in his individual capacity as an Officer of the Bloomington Police Department; HEATHER ROBINSON, acting in her individual capacity as an Officer of the Bloomington Police Department; TODD SEVERSON, acting in his individual capacity as an Officer of the Bloomington Police Department; VINCENT TRAMMEL, acting in his individual capacity as an Officer of the Bloomington Police Department; ERIC KLINE, acting in his individual capacity as an Officer of the Dundas Police Department; MATT KNUTSON, acting in his individual capacity as an Officer of the Faribault Police Department; DAVID ORR, acting in his individual capacity as an Officer of the Lonsdale Police Department; PATRICK NELSON, acting in his individual capacity as an Officer of the Montgomery Police Department; JESUS CORDOVA, acting in his individual capacity as an Officer of the Northfield Police Department; MARK DUKATZ, acting in his individual capacity as an

Officer of the Northfield Police
Department; JEFFREY GIGSTAD, acting
in his individual capacity as an Officer of
the Northfield Police Department; BILLY
HOUTS, acting in his individual capacity
as an Officer of the Northfield Police
Department; STEVE KLOSTERMEIER,
acting in his individual capacity as an
Officer of the Northfield Police
Department; MISCHELLE WATKINS,
acting in her individual capacity as an
Officer of the Northfield Police
Department; KYLE PARR, acting in his
individual capacity as an Officer of the
Owatonna Police Department; LISA
DERAAD, acting in her individual
capacity as an employee of Pearl Street
911 Center; NORMA HOFFMASTER,
acting in her individual capacity as an
employee of Pearl Street 911 Center;
SARAH MILES; SUE SCHMITZ; JOHN
AND JANE DOES (1-500), acting in their
individual capacities as supervisors,
officers, deputies, staff, investigators,
employees or agents of the other
governmental agencies; DEPARTMENT
OF PUBLIC SAFETY DOES (1-30), acting
in their individual capacities as officers,
supervisors, staff, employees,
independent contractors or agents of the
Minnesota Department of Public Safety;
ENTITY DOES (1-50), including cities,
counties, municipalities, and other
entities sited in Minnesota;

Defendants.

Jonathan A. Strauss, Lorenz F. Fett, Jr., and Sonia Miller-Van Oort, SAPIENTIA LAW GROUP, PLLC, for plaintiff.

Jon K. Iverson, Susan M. Tindal, and Stephanie A. Angolkar, IVERSON REUVERS CONDON, for defendants Cities of Bloomington, Dundas, Faribault, Lonsdale, Montgomery, Northfield, and Owatonna and Jeff Bailey, Mark Bloedow, Dennis Koosman, Matthew Nybeck, James Ousley, Lee Phillippe, Heather Robinson, Todd Severson, Vincent Trammel, Eric Kline, Matt Knutson, David Orr, Patrick Nelson, Jesus Cordova, Mark Dukatz, Jeffrey Gigstad, Billy Houts, Steve Klostermeier, Mischelle Watkins, and Kyle Parr.

Joseph E. Flynn and Robert Yount, JARDINE, LOGAN & O'BRIEN, P.L.L.P., for defendants Lisa Deraad and Norma Hoffmaster.

Plaintiff Jared Taylor brings claims under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721 et seq., against various public employees and their municipal employers, alleging that defendants unlawfully obtained, disclosed, or used information contained in his driver's-license record.  In an order dated October 24, 2014, the Court dismissed numerous claims and defendants.[1]  *See* ECF No. 65.  This matter is

---

[1]The Court dismissed with prejudice all claims against defendants Michael Campion, Ramona Dohman, City of Amboy, Blue Earth County, City of Brooklyn Park, City of Burnsville, Dakota Communications Center, Douglas County, City of Edina, City of Farmington, Freeborn County, City of Inver Grove Heights, City of Lakeville, Le Sueur County, City of Mankato, City of New Prague, City of North Mankato, City of Plymouth, Rice County, City of Richfield, City of Rosemount, City of St. Cloud, Steele County, Waseca County, City of Waseca, and Yellow Medicine County.  *See* ECF No. 65 at 9-10.  In addition, all claims against the City of Vernon Center are time-barred under the Court's earlier ruling.  *See* ECF No. 1 ¶ 87 (noting an access by the Amboy-Vernon Center Police Department); ECF No. 97 ¶ 50 & n.25 (noting that claims against City of Vernon Center were dismissed).  The parties have also stipulated to the dismissal of defendants Dakota County and Dodge County.  ECF Nos. 76, 80.

(continued...)

before the Court on the motions of most of the remaining defendants for summary

judgment.[2]  For the reasons stated below, the motion of defendants Lisa Deraad and

Norma Hoffmaster is denied and the motion of the remaining defendants is granted in

part and denied in part.

## I.  BACKGROUND

Jared Taylor is a former Bloomington police officer who lost his job after he was

convicted of assault.  Taylor's assault conviction arose out of an altercation that took

place at Taylor's home during the early morning hours of August 11, 2012 between

Taylor and Blaine Anderson, a Northfield police officer.  Anderson was visiting Taylor's

estranged wife, who was staying with the Taylors' children in the home.  (The Taylors

took turns staying in the home so that the children would not have to move.)

---

[1](...continued)
Taylor filed an amended complaint that re-pleaded his DPPA claims against
these defendants, purportedly for the purpose of preserving his appellate rights.  *See*
ECF No. 97.  This was unnecessary.  *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712
(1996) ("The general rule is that a party is entitled to a single appeal, to be deferred until
final judgment has been entered, in which claims of district court error at any stage of
the litigation may be ventilated." (citation and quotations omitted)).  To clear up any
confusion concerning which claims are pending and which defendants must participate
in the litigation and receive notice from the Court's electronic case-filing system, the
Court will dismiss these claims again.

[2]The remaining nonmoving defendants are Sarah Miles and Sue Schmitz.  It is
not clear whether they have been served.

Taylor filed this DPPA action after obtaining an audit from the Minnesota Department of Public Safety showing multiple accesses of his driver's-license ("DVS") record.  The DPPA protects from disclosure "personal information" obtained by state departments of motor vehicles in connection with motor-vehicle records.  18 U.S.C. § 2721(a).  "[P]ersonal information" includes "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information . . . ."  18 U.S.C. § 2725(3).

Under the DPPA, it is "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) . . . ."  18 U.S.C. § 2722(a).  Section 2721(b), in turn, sets out fourteen permissible uses for personal information contained in motor-vehicle records.  Permissible uses include "use by any government agency, including any court or law enforcement agency, in carrying out its functions . . . ."  18 U.S.C. § 2721(b)(1).  The subject of a motor-vehicle record may sue any "person who knowingly obtains, discloses or uses [his] personal information, from a motor vehicle record, for a purpose not permitted under this chapter . . . ."  18 U.S.C. § 2724(a).

## II.  ANALYSIS

### A.  Standard of Review

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute over a fact is "material" only if its resolution might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.

### B.  Standing, Statute of Limitations, and Municipal Liability

The parties dispute (1) whether Taylor has standing to sue under the DPPA; (2) whether Taylor's amended complaint relates back to the filing of his original complaint; and (3) whether Taylor can impose vicarious liability on the municipal defendants.

For the reasons explained in *Potocnik v. Carlson*, No. 13-CV-2093 (PJS/HB), 2016 WL 3919950 (D. Minn. July 15, 2016), the Court holds that:  (1) Taylor has standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016); (2) Taylor's amended complaint does not relate back to the filing of his original complaint, and therefore all newly added

claims based on accesses that occurred before September 11, 2011 are time-barred;[3] and

(3) municipalities may be held vicariously liable for their employees' violations of the

DPPA.

The municipal defendants argue that, even if vicarious liability is available as a

legal theory, they are not vicariously liable because the individual defendants were not

acting within the scope of their employment when they accessed Taylor's DVS record.

But Taylor is proceeding under a theory of apparent authority, which is a separate

theory of vicarious liability.  *See Faragher v. City of Boca Raton*, 524 U.S. 775, 801 (1998)

(noting that the theory of apparent authority is "an entirely separate category of agency

law" from the scope-of-employment theory).  As defendants have not argued that

Taylor's evidence is insufficient to establish liability under a theory of apparent

authority, the Court need not address that question.

Finally, Taylor also argues that the municipal defendants are directly liable

because they employed officers who allegedly violated the DPPA.  As the Court

explained in *Potocnik*, this is an argument for vicarious, not direct, liability.  *Potocnik*,

---

[3]As a result, all claims against defendants Jeff Bailey, Mark Bloedow, Dennis Koosman, Matthew Nybeck, James Ousley, Heather Robinson, Todd Severson, and Vincent Trammel are time-barred.  As in *Potocnik*, because there is no evidence that defendants engaged in any misconduct that prevented Taylor from discovering defendants' proper names in a timely manner, the Court rejects Taylor's attempt to invoke the doctrine of equitable estoppel.  *See Potocnik*, 2016 WL 3919950, at *5 (absent dishonest or unlawful conduct, defendants will not be equitably estopped from relying on the statute of limitations).

2016 WL 3919950, at *6.  Because Taylor has failed to show that the municipal

defendants granted their employees access to the database for an improper purpose, the

Court grants defendants' motions with respect to claims that the municipal defendants

are directly liable.

### C.  *In Pari Delicto and Unclean Hands*

Defendants offer evidence that Taylor himself repeatedly violated the DPPA

when he was employed as a police officer by accessing the DVS records of other law-

enforcement officers without a permissible purpose (including some of the law-

enforcement officers whom he is now suing).  As a result, defendants contend, Taylor

should be barred from recovery under the doctrines of in pari delicto and unclean

hands.

The doctrine of in pari delicto is an equitable defense under which "a plaintiff's

recovery may be barred by his own wrongful conduct."  *Pinter v. Dahl*, 486 U.S. 622, 632

(1988).  Traditionally, the defense has been limited to cases in which the plaintiff

participated in the very wrongdoing that gave rise to his lawsuit.  *Id.*  Some courts have

expanded the doctrine to cases in which the plaintiff has participated in the same *type* of

wrongdoing as the defendant.  *Id.*  But the Supreme Court has held that "this broadened

construction is not appropriate in litigation arising under federal regulatory statutes."

*Id.*  Even assuming that in pari delicto is generally available as a defense to DPPA

claims, the doctrine does not apply in this case because Taylor did not participate in the lookups that caused his alleged injuries.

The doctrine of unclean hands similarly denies equitable relief to "a suitor who engaged in his own reprehensible conduct in the course of the transaction at issue . . . ." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995). The doctrine does not apply "where Congress authorizes broad equitable relief to serve important national policies." *Id.* It is therefore doubtful whether the doctrine applies in DPPA cases. Even if the doctrine is theoretically available, the Court opts not to apply it when, as here, the plaintiff's misconduct is completely unconnected to the alleged misconduct that forms the basis of the lawsuit.

### D.  Sufficiency of the Evidence

Defendants next challenge the sufficiency of the evidence that they accessed Taylor's DVS record for an impermissible purpose. For the most part, the Court finds that disputes of material fact preclude summary judgment on this ground. But the Court agrees with defendants that there is insufficient evidence with respect to claims arising out of accesses by Jesus Cordova and Marsha Fellows.

Cordova is a Northfield police officer, as is Blaine Anderson (the officer whom Taylor assaulted). Cordova testified that he accessed Taylor's DVS record after hearing about the assault in order to familiarize himself with Taylor's appearance "in case there

was an incident that would have flared up between him and Blaine Anderson." Cordova Dep. 49. As Cordova put it, "if someone was to assault one of our officers I'd want to know who that person was." Cordova Dep. 14. The Court finds—and Taylor does not appear to dispute—that this is a legitimate law-enforcement reason to access a DVS record under 18 U.S.C. § 2721(b)(1).[4]

Taylor argues, however, that Cordova is not telling the truth about his reason for accessing the record. Taylor does not point to any other evidence—such as a pattern of suspicious accesses or any prior knowledge of or connection to Taylor—that would tend to show that Cordova misused the database or had personal curiosity about Taylor. Instead, Taylor simply points to Cordova's testimony that Cordova discussed this lawsuit with two of his fellow officers before their depositions. Taylor claims that this testimony shows that the officers coordinated their stories.

That is not a fair reading of Cordova's testimony, however. Cordova testified that he told the other officers that he believed that he was justified in looking up Taylor's DVS record and that they agreed with him. Cordova Dep. 8-9. Cordova specifically denied "talk[ing] strategy" about how to answer questions at his deposition.

---

[4]The tenor of counsel's questions during Cordova's deposition seemed to suggest that counsel believes that Cordova should have undertaken a great deal of investigation concerning the facts of the assault before accessing Taylor's DVS record. The Court rejects this suggestion.

Cordova Dep. 9.  In the absence of any other evidence, this is insufficient to create a

genuine dispute regarding the reason that Cordova accessed Taylor's DVS record.

Likewise, there is insufficient evidence to show that Marsha Fellows, a former

legal secretary for the Bloomington City Attorney's Office, accessed Taylor's DVS

record for an impermissible reason.  Fellows (who is deceased and thus not named as a

party) accessed Taylor's record only once, on February 7, 2011.  Taylor offers no

evidence suggesting that this access was improper, and instead points to the lack of

evidence that it was *proper*.  But Taylor is the plaintiff; he bears the burden of proof.  *See*

*McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) ("To establish a DPPA

violation, Drivers must prove that the Defendants 1) knowingly 2) obtained, disclosed,

or used personal information, 3) from a motor vehicle record, 4) for a purpose not

permitted.").  In the absence of evidence to show that Fellows's access was improper,

Taylor's claim against the City of Bloomington on the basis of that access must fail.

With respect to claims arising out of accesses by the remaining named

defendants, however, the Court finds there is sufficient evidence to proceed to trial.[5]

For the reasons stated on the record at the hearing on defendants' motions, the Court

---

[5]As noted earlier, all claims against Jeff Bailey, Mark Bloedow, Dennis Koosman, Matthew Nybeck, James Ousley, Heather Robinson, Todd Severson, and Vincent Trammel have been dismissed as time-barred.  The Court has concluded that Taylor may proceed on a vicarious-liability theory against their employer (the City of Bloomington), however, and those vicarious-liability claims will be tried.

finds that there is sufficient evidence from which a jury could conclude that the

following defendants accessed Taylor's DVS record for an impermissible purpose:

- Jeff Bailey
- Mark Bloedow
- Dennis Koosman
- Matthew Nybeck
- James Ousley
- Lee Phillippe
- Heather Robinson
- Todd Severson
- Eric Kline
- Matt Knutson
- David Orr
- Patrick Nelson
- Mark Dukatz
- Jeffrey Gigstad
- Billy Houts
- Steve Klostermeier
- Mischelle Watkins
- Kyle Parr

The Court also finds that there is sufficient evidence to proceed to trial on claims

arising out of accesses by defendants Lisa Deraad, Norma Hoffmaster, and Vincent

Trammel.  Deraad and Hoffmaster are emergency dispatch operators for the Rice

County and Steele County area.  Both of them accessed Taylor's DVS record in the days

following the August 2012 assault, and both of them contend that they accessed the

record as a function of their jobs.  But there is sufficient evidence to permit a jury to

disbelieve their accounts and instead conclude that they accessed Taylor's record out of

curiosity after hearing about his assault of Anderson.

At the time of Deraad's and Hoffmaster's accesses, the assault investigation had

been transferred to Scott County, which casts doubt on Deraad's and Hoffmaster's

claims that they were asked to retrieve Taylor's record by an investigator.  In addition,

within minutes of accessing Taylor's DVS record, both Deraad and Hoffmaster also

accessed the DVS records of Anderson and Taylor's wife.  Strauss Aff. Ex. BB[6] at 38-39,

45.  It is possible that Deraad and Hoffmaster had legitimate law-enforcement reasons

to access these records, but a jury could conclude that they were motivated instead by a

voyeuristic interest in photographs of the people involved in the August 11 assault.[7]

Although it is a closer question, the Court also finds that Taylor has sufficient

evidence to proceed to trial on his claims arising out of the May 15, 2010 access by

Vincent Trammel.[8]  Trammel does not remember accessing Taylor's record, but he

---

[6]After the hearing on defendants' motions, Taylor submitted a corrected Exhibit BB to the Court.  Defendants' objection to the belated submission of that exhibit is overruled.

[7]To be clear, the Court agrees with Deraad and Hoffmaster that, when an officer asks an emergency dispatcher to retrieve a DVS record, the emergency dispatcher has a legitimate reason to access the record and does not have a duty to inquire into the basis of the officer's request.  Hence, if the jury believes that an investigator asked Deraad and Hoffmaster to access Taylor's DVS record, Deraad and Hoffmaster will be entitled to judgment in their favor.

[8]Again, the claim against Trammel will not proceed to trial, as it is barred by the statute of limitations.  *See supra* note 5.  But the vicarious-liability claim against his employer (the City of Bloomington) will proceed to trial, as that claim (unlike the claim against Trammel) was made in Taylor's original complaint and thus is not barred by the

(continued...)

accessed it on a previous occasion in 2006.  Trammel Dep. 22-23; Strauss Aff. Ex. BB

at 51.  Trammel also admits using the database to look up friends, family members, and

celebrities.  Trammel Dep. 35-36, 40.  Less than ten minutes after accessing Taylor's

record, Trammel accessed both his own record and the record of another individual

with the last name "Trammel."  Strauss Aff. Ex. BB at 50.  Trammel does not offer any

possible explanation for accessing Taylor's record.  This evidence is slim, but the Court

finds that it is (barely) sufficient to allow a jury to infer that Trammel did not have a

legitimate reason to access Taylor's record.

### E.  Qualified Immunity and Rule of Lenity

Defendants contend that they are entitled to qualified immunity—or,

alternatively, that the Court should resolve this case in their favor under the rule of

lenity—because the scope of the law-enforcement exception under 18 U.S.C. § 2721(b)(1)

is unclear.  For the most part, however, the Court agrees with defendants that their

proffered reasons for accessing Taylor's DVS record qualify as legitimate law-

enforcement purposes.[9]  Defendants' problem is that a jury could find that their

---

[8](...continued)
statute of limitations.

[9]The one exception is the reason offered by Dennis Koosman, who speculated that he may have accessed Taylor's DVS record because he wanted to attend a private party at Taylor's house.  The Court rejects defendants' apparent contention that a reasonable officer could have believed that facilitating attendance at a private party

(continued...)

proffered reasons are *false* and that they actually accessed Taylor's DVS record out of curiosity or voyeurism.  No reasonable officer would have believed that such a purpose is permissible under the DPPA.  *Cf. Mallak v. City of Baxter*, 823 F.3d 441, 446 (8th Cir. 2016) (noting that "appellants do not dispute that accessing an individual's data to satisfy some personal interest constitutes a violation of clearly established law under the DPPA").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    The motion of defendants Lisa Deraad and Norma Hoffmaster for summary judgment [ECF No. 155] is DENIED.

2.    The motion of defendants Cities of Bloomington, Dundas, Faribault, Lonsdale, Montgomery, Northfield, and Owatonna and Jeff Bailey, Mark Bloedow, Dennis Koosman, Matthew Nybeck, James Ousley, Lee Phillippe, Heather Robinson, Todd Severson, Vincent Trammel, Eric Kline, Matt Knutson, David Orr, Patrick Nelson, Jesus Cordova, Mark

---

[9](...continued)
constitutes a "use [of personal information] by any government agency . . . in carrying out its functions . . . ."  18 U.S.C. § 2721(b)(1).  *See Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015) (for a right to be clearly established, a reasonable official must understand that his conduct violates that right).

Dukatz, Jeffrey Gigstad, Billy Houts, Steve Klostermeier, Mischelle

Watkins, and Kyle Parr for summary judgment [ECF No. 149] is

GRANTED IN PART and DENIED IN PART as follows:

a.      The motion is GRANTED with respect to claims against defendants

Jeff Bailey, Mark Bloedow, Dennis Koosman, Matthew Nybeck,

James Ousley, Heather Robinson, Todd Severson, and Vincent

Trammel.  The vicarious-liability claims against the City of

Bloomington on the basis of these defendants' accesses remain

pending.

b.      The motion is GRANTED with respect to all claims arising out of

the accesses by Jesus Cordova and Marsha Fellows.

c.      The motion is GRANTED with respect to all direct-liability claims

against all municipal defendants.

d.      The motion is DENIED in all other respects.

3.      Pursuant to the Court's October 24, 2014 order [ECF No. 65] and

footnote 1 of this order, all claims against defendants Michael Campion,

Ramona Dohman, City of Amboy, Blue Earth County, City of Brooklyn

Park, City of Burnsville, Dakota Communications Center, Douglas

County, City of Edina, City of Farmington, Freeborn County, City of Inver

Grove Heights, City of Lakeville, Le Sueur County, City of Mankato, City of New Prague, City of North Mankato, City of Plymouth, Rice County, City of Richfield, City of Rosemount, City of St. Cloud, Steele County, City of Vernon Center, Waseca County, City of Waseca, and Yellow Medicine County are DISMISSED WITH PREJUDICE.


Dated:  September 27, 2016                       s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge